**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MING LI, | No. 07-72941 |
| Petitioner, | Agency No. A072-962-146 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2009 [**]
Las Vegas, Nevada

Before: GOULD and RAWLINSON, Circuit Judges, and BEISTLINE, District
Judge. [***]

Petitioner Ming Li ("Li"), a native and citizen of the People's Republic of

China, petitions for review of an order by the Board of Immigration Appeals

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

("BIA") denying his motion to reopen to file a successive asylum application. We

have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

Li bears the burden of showing "changed country conditions arising in" his

native China in order to prevail on his motion to reopen, because he did not file his

motion within ninety days of the original removal order. *See* 8 U.S.C.

§ 1229a(c)(7)(C)(i)–(ii) (requiring that a petitioner show a change in country

conditions to avoid the ninety-day time bar); *see also Chen v. Mukasey*, 524 F.3d

1028, 1030 (9th Cir. 2008) (same). This burden has not been met. The BIA

explicitly addressed all documentary evidence submitted by Li, and was within its

discretion in concluding that the evidence was insufficient to establish a material

change in enforcement of China's one-child policy against similarly situated

individuals. *See Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009).

Moreover, the BIA ruled correctly when it held that Li could not evade the

ninety-day deadline of § 1229a(c)(7) by filing a free-standing asylum application

under 8 U.S.C. § 1158(a)(2)(D). *See Chen*, 524 F.3d at 1032 (holding the BIA's

determination that an asylum application by an alien subject to a final order of

removal can be made only in connection with a motion to reopen under

§ 1229a(c)(7) is "reasonable, and we defer to it").

2

Finally, because Li did not meet his threshold burden to establish materially changed conditions in China, his motion to reopen for withholding of removal under the Convention Against Torture is likewise untimely.

PETITION DENIED.